**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
Todd Kennedy (State Bar No. 250267)
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469
seth@gutridesafier.com
todd@gutridesafier.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCSISCO DIVISION

| | |
|---|---|
| SHERRI SNOW and LINDA CONNER, as individuals, on behalf of themselves, the general public and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EVENTBRITE, INC.,<br><br>Defendant. | CASE NO. 3:20-cv-03698-WHO<br><br>DECLARATION OF TODD KENNEDY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION<br><br>Hon. William H. Orrick<br><br>Date: August 18, 2021<br>Time: 2:00 p.m.<br>Ctrm: Courtroom 2; 17th Floor |

I, Todd Kennedy, hereby declare as follows:

1.     I am an attorney at the firm Gutride Safier LLP and a member in good standing of the bar of this Court. I am competent to testify to the matters stated herein.

2.     Attached hereto as Exhibit A is a true and correct copy of the deposition transcript of Eventbrite's witness, Nick Popoff.

3.     Attached hereto as Exhibit B is a true and correct copy of Plaintiffs' Arbitration Related Requests for Production of Documents.

4.     Attached hereto as Exhibit C is a true and correct copy of Plaintiffs' Arbitration Related Interrogatories.

5.     Attached hereto as Exhibit D is a true and correct copy of the correspondence between the parties on April 12, 2021.

6.     Attached hereto as Exhibit E is an email chain regarding templating files.

7.     Attached hereto is a May 11, 2021 email re: additional document production.

8.     After reviewing Eventbrite's document productions, I was unable to locate any code (such as HTML code and JavaScript code) corresponding to the Terms of Service that the user's browser or mobile application would have used to render the pages in order to display them to the user. I concluded that Eventbrite had failed to produce this code.

9.     On April 21, Eventbrite made a production of files.

10.     The parties then agreed that the deposition of Mr. Popoff would take place on May 13, 2021.

11.     After reviewing Eventbrite's document productions, I was unable to locate any file metadata corresponding to Eventbrite's Terms of Service that would have revealed, among other things, the creation and modification dates of the Terms of Service files. I concluded that Eventbrite had failed to produce this metadata.

12.     Eventbrite's production in response to Plaintiff's limited discovery was useless without the requested templating files, and Plaintiffs were unable to complete their review of the code. Plaintiffs' counsel met and conferred with Eventbrite's counsel, and requested that Eventbrite respond fully to the discovery.

13.     Following the Court's order regarding discovery, counsel for the parties met and conferred regarding the scope and production dates for the document production.

14.     Due to numerous production delays, the parties had to cancel the deposition of Mr. Popoff, and rescheduled it for June 3, 2021.

15.     On May 10, three days before Popoff's deposition was to take place, Eventbrite's counsel informed Plaintiffs' counsel in an email that "we realized today that one source code branch was inadvertently omitted from our prior production."

16. On May 25, 2021, Eventbrite made its final production of documents. The production was much larger than expected, and I was unable to finish reviewing the documents until the evening before Mr. Popoff's June 3 deposition. Going into the deposition, I was troubled that I had been unable to locate any of the files underlying the Terms of Service. It seemed that not only had Eventbrite failed to produce the file creation and modification metadata as ordered by the Court, but that Eventbrite had entirely failed to even produce the files themselves.

17. During the deposition of Nick Popoff, I decided to allow the parties to break from the deposition, in order to give Mr. Popoff and his counsel an opportunity to discuss how to locate the Terms of Service.

18. After the break, Eventbrite's counsel confirmed that Eventbrite had not produced any files associated with the Terms of Service, because all file collection had been done from Eventbrite's archives, whereas the Terms of Service were stored on a third party repository.

19. Following Mr. Popoff's deposition, I performed an additional comprehensive search of the code that Eventbrite produced and was unable to locate the Terms of Service files or corresponding metadata.

20. On May 10, three days before Popoff's deposition was to take place, Eventbrite's counsel informed Plaintiffs' counsel in an email that "we realized today that one source code branch was inadvertently omitted from our prior production." Concurrently, Eventbrite made another large document production

21. To this day, Eventbrite still has not produced the Terms of Service files, or any of the corresponding metadata.

1         I declare under penalty of perjury under the laws of the United States that the

2    foregoing is true and correct.

3

4    Dated: June 30, 2021

5

6                                                      /s/ Todd Kennedy /s/
                                                       Todd Kennedy, Esq.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# EXHIBIT B

**GUTRIDE SAFIER LLP**
SETH A. SAFIER (State Bar No. 197427)
MARIE A. MCCRARY (State Bar No. 262670)
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

| | |
|---|---|
| SHERRI SNOW, ANTHONY PICENO, and LINDA CONNER, as individuals, on behalf of themselves, the general public, and those similarly situated, | NO. 3:20-CV-03698-WHO |
| Plaintiffs, | **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT** |
| v. | |
| EVENTBRITE, INC., | |
| Defendant. | |

**PROPOUNDING PARTY:  PLAINTIFFS, SHERRI SNOW, ANTHONY PICENO AND LINDA CONNER**

**RESPONDING PARTY:      DEFENDANT EVENTBRITE, INC.**

**SET NUMBER:              ONE**

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

 **YOU ARE HEREBY REQUESTED**, pursuant to Rule 34 of the Federal Rules of Civil Procedure, to produce the designated documents for inspection and copying within 30 days of receipt of this demand by email attachments or links (pursuant to the parties' e-service agreement) or by mail.

## **DEFINITIONS AND INSTRUCTIONS**

 The definitions below are incorporated into each request for production. DEFENDANT is directed to respond to each request for production as if the definitions were set forth therein.

 1. "YOU" or "YOUR" means DEFENDANT, your officers, directors, trustees, agents, employees, staff members, and paid consultants; ANY predecessor, successor, parent, subsidiary, division or affiliate; and ANY PERSON acting on behalf of ANY of the aforementioned.

 2. "DEFENDANT" means Eventbrite, Inc., its officers, directors, trustees, agents, employees, staff members, and paid consultants; ANY predecessor, successor, parent, subsidiary, division or affiliate; and ANY PERSON acting on behalf of ANY of the aforementioned.

 3. "PLAINTIFFS" means Plaintiffs, Sherri Snow, Anthony Piceno and Linda Conner, their agents and assigns; and ANY PERSON acting on behalf of ANY of the aforementioned.

 4. The terms "DOCUMENT" or "DOCUMENTS" mean, without limitation, the original (and absent the original a copy thereof), ALL file copies and copies not identical to the original of ANY writing, record, or recording of every type, form, and description that is

in the possession, custody, or control of the responding party, or which no longer is in the responding party's possession but of which the responding party still has knowledge, including, by way of illustration and not limitation, the following items: ESI; notes; correspondence; communications of ANY nature (including intra-company communications and correspondence); telegrams, cables, memoranda (including internal memoranda); notebooks of ANY nature, including laboratory and engineering reports; summaries, minutes and records of telephone conversations, personal conversations or interviews; diaries, routing slips or memoranda, reports (including tests and analysis reports), books, manuals, publications, invoices, specifications, shipping papers, purchase orders, shop instrument output, plans, patterns, drawings, flow charts, schematics, diagrams, photographs of ANY nature, artists' drawings, sketches, blueprints, minutes or recordings of meetings and conferences, including lists of persons attending meetings or conferences; transcripts of oral testimony or statements; reports and or summaries of interviews; reports and or summaries of investigations; opinions or reports of consultants; opinions of counsel; forecasts; reports of patent searches; patent opinions, analyses or appraisals; agreements and contracts (including ALL modifications or revisions thereof); reports and or summaries of negotiations; court papers, labels, tags, placards, fliers, counter cards, brochures, pamphlets, advertisements, advertising layouts, circulars, trade letters, press releases, and translations; presentations, including boards, transparencies, storybooks and or scripts; drafts of original or preliminary notes on, and marginal comments appearing on, ANY document; whether said writings or records are on paper, magnetic disk, tape or other computer or digital storage medium, microfilm, microfiche, floppy or ANY other storage or recording medium within the scope of Federal Rules 26 and 34.

  5.  As used herein the term DOCUMENT also includes ANY document, which did exist, but as of the date of response and production has been destroyed, lost, misplaced, or is otherwise unavailable. For ANY such document, the response must to the extent possible identify the document by date, subject matter, author, addressee, and persons to whom the

document was distributed; must state whether the document was lost, destroyed, or misplaced; and must state the name and address of the person who last had custody of or knowledge of the existence of the document.

6.     "ELECTRONICALLY STORED INFORMATION" or "ESI" shall mean shall mean all electronically-stored information and shall include, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, power point presentations, electronic mail including electronic documents attached thereto, entries in social media or blogs, internal system-wide platform communications such as internal blogs, intranets, instant messaging and bulletin boards, voicemail recordings or transcripts, and other data or data compilations stored as an "active" file or files (readily readable by one or more computer applications or forensic software) in any medium from which information can be  obtained, including, without limitation, local or remote servers, the cloud, computers' hard drives, peripheral storage devices (disks and backup tapes), thumbdrives, laptops, cellphones, smart phones and other handheld computing devices. ESI also includes any "deleted" files on said media, and any electronic file fragments (files that have been deleted and partially overwritten with new data).

7.     Any ESI, electronic records or computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible. Plaintiffs request that all ESI be produced in their native electronic format together with all metadata and other information associated with each document in its native electronic format on CD-ROM disks, through a cloud service, or through other mutually agreeable method. Further, Plaintiffs request that all ESI be produced in the manner as set forth in any ESI Order entered by the Court or, in the absence of such order, as set forth by the Northern District of California's Model Stipulated Order re: Discovery of Electronically Stored Information ESI Guidelines. For ESI that exists only in proprietary software or in a format that is not readable by a personal computer using commercially available software, Plaintiffs request that Defendant

identify the specific information, the software at issue and possible alternative electronic formats in which the information could be produced such that the parties can meet and confer respecting how best to produce the specific information at issue. In producing responsive emails, Defendant shall produce such emails without alteration of any kind; threads, attachments, and metadata associated with emails in particular should not be modified, deleted, or altered in any respect.

8.     The terms "REFERRING TO," "RELATING TO," "CONCERNING" or "REGARDING" shall mean containing, describing, discussing, embodying, commenting upon, identifying, incorporating, summarizing, constituting, comprising or are otherwise pertinent to the matter or ANY aspect thereof.

9.     "AND/OR" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

10.     The terms "ANY," "ALL," and "EACH" shall each mean and include the other.

11.     "INCLUDE," "INCLUDES," and "INCLUDING" shall include by reference without limitation.

12.     The term "PERSON(S)" includes the plural as well as the singular and includes ANY person, firm, association, partnership, corporation, and or ANY other form of legal entity.

13.     The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean, without limitation, ANY transmittal, conveyance or exchange of a word, statement, fact, thing, idea, DOCUMENT, instruction, information, demand, question or other information by ANY medium, whether by written, oral or other means, INCLUDING letters, electronic communications and electronic mail.

14.     The term "RAINFOREST" shall mean Rainforest QA, Inc., together with ANY of its predecessors, successors, past or present parents, divisions, subsidiaries, affiliates, joint ventures, associated organizations, directors, officers, agents, employees, consultants,

staff members, or other representatives, INCLUDING counsel and patent agents, in ANY country.

15. The term "KEY CHECKOUT SOFTWARE FILES" shall mean the .html files (or equivalent), the .css files (or equivalent), the client-side javascript files (or equivalent), and the templating files (or equivalent) involved in rendering or displaying the Desktop Web and Mobile Web checkout flows and related Terms of Service displayed during DEFENDANT'S checkout process.

16. The term "KEY SIGNUP SOFTWARE FILES" shall mean the .html files (or equivalent), the .css files (or equivalent), the client-side javascript files (or equivalent), and the templating files (or equivalent) involved in rendering or displaying the Desktop Web and Mobile Web signup flows and related Terms of Service displayed during DEFENDANT'S signup process.

17. The term "KEY SIGNUP DATES" shall mean the dates on which ANY PLAINTIFF actually or allegedly signed up for an account with DEFENDANT. The term shall INCLUDE January 14, 2018; August 13, 2019; January 14, 2020; and April 16, 2020.

18. The term "KEY CHECKOUT DATES" shall mean the dates on which ANY Plaintiff actually or allegedly purchased tickets using DEFENDANT'S services. The term shall INCLUDE January 14, 2018; February 24, 2018; February 27, 2018; April 2, 2018; May 2, 2018; August 24, 2018; October 30, 2018, October 31, 2018; February 26, 2019; June 29, 2019; August 13, 2019; October 25, 2019; December 19, 2019; January 14, 2020; and February 11, 2020.

19. The term "THIS MATTER" means the above-captioned lawsuit.

20. Every request for production herein shall be deemed a continuing request for production, and YOU are required to supplement YOUR answers promptly if and when YOU obtain responsive DOCUMENTS which add to or are in any way inconsistent with YOUR initial production.

21. If YOU object to the production of ANY DOCUMENT on the grounds that it

is protected from disclosure by the attorney client privilege, work product doctrine or ANY other privilege, YOU are requested to identify each DOCUMENT for which the privilege is claimed and give the following information:

      (1)    the name of the writer, sender, or initiator of each copy of the DOCUMENT;

      (2)    the name of the recipient, addressee, or party to whom ANY copy of the DOCUMENT was sent;

      (3)    the date of each copy of the DOCUMENT, if any, or an estimate of its date;

      (4)    the type of document;

      (5)    the subject matter of the DOCUMENT; and

      (6)    a statement of the basis for the claim of privilege.

## **REQUESTS FOR PRODUCTION**

1.      The KEY SIGNUP SOFTWARE FILES for the KEY SIGNUP DATES. (If YOU do not have one or more such files for one or more such dates in YOUR possession, custody, or control, YOU shall produce the KEY SIGNUP SOFTWARE FILE that is closest in time to the date in question.)

2.      The KEY CHECKOUT SOFTWARE FILES for the KEY CHECKOUT DATES. (If YOU do not have one or more such files for one or more such dates in YOUR possession, custody, or control, YOU shall produce the KEY CHECKOUT SOFTWARE FILE that is closest in time to the date in question.)

3.      ALL "internal data logs" that Mr. Popoff states, in Paragraph 28 of his November 16, 2020 Declaration, that he reviewed.

4.      ALL "source code" that Mr. Popoff states that he "personally reviewed" in Paragraphs 49, 51, and 67 of his November 16, 2020 Declaration.

5.      ALL of DEFENDANT'S HTTP server logs AND load balancer logs RELATING TO the information requested in Interrogatory Nos. 2 and 3.

6.      ALL DOCUMENTS, INCLUDING COMMUNICATIONS, RELATING TO RAINFOREST's testing of DEFENDANT'S signup flows AND checkout flows.

7.      ALL COMMUNICATIONS with RAINFOREST RELATING TO THIS MATTER.

8.      The build of DEFENDANT'S iOS v.7.0.1 application referred to in Paragraph 56 of Mr. Popoff's November 16, 2020 Declaration.

DATED: December____, 2020                **GUTRIDE SAFIER LLP**


                                          */s/Marie A. McCrary*
                                          Marie A. McCrary, Esq.
                                          marie@gutridesafier.com
                                          Gutride Safier LLP
                                          100 Pine Street, Suite 1250
                                          San Francisco, CA 94111

Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

Attorneys for Plaintiffs

# EXHIBIT C

**GUTRIDE SAFIER LLP**
SETH A. SAFIER (State Bar No. 197427)
MARIE A. MCCRARY (State Bar No. 262670)
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

| | |
|---|---|
| SHERRI SNOW, ANTHONY PICENO, and LINDA CONNER, as individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EVENTBRITE, INC.,<br><br>Defendant. | NO. 3:20-CV-03698-WHO<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT EVENTBRITE, INC.** |

**PROPOUNDING PARTY:** **PLAINTIFFS, SHERRI SNOW, ANTHONY PICENO AND LINDA CONNER**

**RESPONDING PARTY:** **DEFENDANT EVENTBRITE, INC.**

**SET NUMBER:** **ONE**

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**YOU ARE HEREBY REQUESTED**, pursuant to Rule 33 of the Federal Rules of Civil Procedure, to answer the following interrogatories separately and fully, in writing, and under oath, within thirty (30) days after service.

## DEFINITIONS AND INSTRUCTIONS

The definitions below are incorporated into each request for production. DEFENDANT is directed to respond to each request for production as if the definitions were set forth therein.

1. "YOU" or "YOUR" or "DEFENDANT" means Eventbrite, Inc., its officers, directors, trustees, agents, employees, staff members, and paid consultants; ANY predecessor, successor, parent, subsidiary, division or affiliate; and ANY PERSON acting on behalf of ANY of the aforementioned.

2. "PLAINTIFFS" means Plaintiffs, Sherri Snow, Anthony Piceno and Linda Conner, their agents and assigns; and ANY PERSON acting on behalf of ANY of the aforementioned.

3. "AND/OR" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

4. The terms "ANY," "ALL," and "EACH" shall each mean and include the other.

5. The terms "DOCUMENT" or "DOCUMENTS" mean, without limitation, the original (and absent the original a copy thereof), ALL file copies and copies not identical to the original of ANY writing, record, or recording of every type, form, and description that is in the possession, custody, or control of the responding party, or which no longer is in the

responding party's possession but of which the responding party still has knowledge, INCLUDING, by way of illustration and not limitation, the following items: ESI; notes; correspondence; communications of ANY nature (INCLUDING intra-company communications and correspondence); telegrams, cables, memoranda (INCLUDING internal memoranda); notebooks of ANY nature, INCLUDING laboratory and engineering reports; summaries, minutes and records of telephone conversations, personal conversations or interviews; diaries, routing slips or memoranda, reports (INCLUDING tests and analysis reports), books, manuals, publications, invoices, specifications, shipping papers, purchase orders, shop instrument output, plans, patterns, drawings, flow charts, schematics, diagrams, photographs of ANY nature, artists' drawings, sketches, blueprints, minutes or recordings of meetings and conferences, INCLUDING lists of PERSONS attending meetings or conferences; transcripts of oral testimony or statements; reports and or summaries of interviews; reports and or summaries of investigations; opinions or reports of consultants; opinions of counsel; forecasts; reports of patent searches; patent opinions, analyses or appraisals; agreements and contracts (INCLUDING ALL modifications or revisions thereof); reports and or summaries of negotiations; court papers, labels, tags, placards, fliers, counter cards, brochures, pamphlets, advertisements, advertising layouts, circulars, trade letters, press releases, and translations; presentations, INCLUDING boards, transparencies, storybooks and or scripts; drafts of original or preliminary notes on, and marginal comments appearing on, ANY document; whether said writings or records are on paper, magnetic disk, tape or other computer or digital storage medium, microfilm, microfiche, floppy or ANY other storage or recording medium within the scope of Federal Rules 26 and 34.

      6.     As used herein the term DOCUMENT also includes ANY document, which did exist, but as of the date of response and production has been destroyed, lost, misplaced, or is otherwise unavailable. For ANY such document, the response must to the extent possible IDENTIFY the document by date, subject matter, author, addressee, and PERSONS to whom the document was distributed; must state whether the document was lost, destroyed, or

misplaced; and must state the name and address of the person who last had custody of or knowledge of the existence of the document.

7. "ELECTRONICALLY STORED INFORMATION" or "ESI" shall mean shall mean all electronically-stored information and shall include, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, power point presentations, electronic mail INCLUDING electronic documents attached thereto, entries in social media or blogs, internal system-wide platform communications such as internal blogs, intranets, instant messaging and bulletin boards, voicemail recordings or transcripts, and other data or data compilations stored as an "active" file or files (readily readable by one or more computer applications or forensic software) in any medium from which information can be obtained, INCLUDING, without limitation, local or remote servers, the cloud, computers' hard drives, peripheral storage devices (disks and backup tapes), thumbdrives, laptops, cellphones, smart phones and other handheld computing devices. ESI also includes any "deleted" files on said media, and any electronic file fragments (files that have been deleted and partially overwritten with new data).

8. Any ESI, electronic records or computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible. Plaintiffs request that all ESI be produced in their native electronic format together with all metadata and other information associated with each document in its native electronic format on CD-ROM disks, through a cloud service, or through other mutually agreeable method. Further, Plaintiffs request that all ESI be produced in the manner as set forth in any ESI Order entered by the Court or, in the absence of such order, as set forth by the Northern District of California's Model Stipulated Order re: Discovery of Electronically Stored Information ESI Guidelines. For ESI that exists only in proprietary software or in a format that is not readable by a personal computer using commercially available software, Plaintiffs request that Defendant IDENTIFY the specific information, the software at issue and possible alternative electronic

formats in which the information could be produced such that the parties can meet and confer respecting how best to produce the specific information at issue. In producing responsive emails, Defendant shall produce such emails without alteration of any kind; threads, attachments, and metadata associated with emails in particular should not be modified, deleted, or altered in any respect.

9.     "IDENTIFY" and "IDENTIFICATION" mean

(a)     With reference to DOCUMENTS, state the type of DOCUMENT (e.g., letter, interoffice memorandum, email, etc.), and provide information sufficient to enable PLAINTIFF to IDENTIFY the DOCUMENT, to locate it within the set of documents produced in this action, or to obtain its production by YOU or by other PERSONS, such as: its date; the name of the signer or signers; the name of the author or authors; the name of the recipient or recipients; the title, heading, or subject matter of the DOCUMENT; and its Bates number.

(b)     With reference to a PERSON, furnish information sufficient to enable PLAINTIFF to IDENTIFY and to locate the PERSON, INCLUDING, to the extent the information is available to YOU, the full name, the present or last known residence address and business address and telephone numbers (business and residence) of the PERSON, and the PERSON'S current or last known employer and job title or description.

(c)     With reference to ANY other thing, provide ANY designating model number, code, sku, version, part number, or any other designation sufficient to distinguish it from other similar things.

10.     "INCLUDE," "INCLUDES," and "INCLUDING" shall include by reference without limitation.

11.     The term "PERSON(S)" includes the plural as well as the singular and includes ANY person, firm, association, partnership, corporation, and or ANY other form of legal entity.

12.     The terms "RELATES," "RELATE," "RELATED TO" and "RELATING TO"

mean concerning, mentioning, indicating, disclosing, discussing, regarding, addressing, reflecting, constituting, analyzing, serving as a basis for, relying upon, supporting, describing, referring or in ANY other way bearing upon or illuminating the subject matter into which inquiry is made.

13.　　The term "REPORTS" refers to internal or external, formal or informal, memoranda, presentations, investigations, studies, research, assessments, analyses, reviews, audits, focus groups, analyses, or assessments.

14.　　The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean, without limitation, ANY transmittal, conveyance or exchange of a word, statement, fact, thing, idea, DOCUMENT, instruction, information, demand, question or other information by ANY medium, whether by written, oral or other means, INCLUDING letters, electronic communications and electronic mail.

15.　　The term "RAINFOREST" shall mean Rainforest QA, Inc., together with ANY of its predecessors, successors, past or present parents, divisions, subsidiaries, affiliates, joint ventures, associated organizations, directors, officers, agents, employees, consultants, staff members, or other representatives, INCLUDING counsel and patent agents, in ANY country.

16.　　The term "KEY CHECKOUT SOFTWARE FILES" shall mean the .html files (or equivalent), the .css files (or equivalent), the client-side javascript files (or equivalent), and the templating files (or equivalent) involved in rendering or displaying the Desktop Web and Mobile Web checkout flows and related Terms of Service displayed during DEFENDANT'S checkout process.

17.　　The term "KEY SIGNUP SOFTWARE FILES" shall mean the .html files (or equivalent), the .css files (or equivalent), the client-side javascript files (or equivalent), and the templating files (or equivalent) involved in rendering or displaying the Desktop Web and Mobile Web signup flows and related Terms of Service displayed during DEFENDANT'S signup process.

18.     The term "KEY SIGNUP DATES" shall mean the dates on which ANY PLAINTIFF actually or allegedly signed up for an account with DEFENDANT. The term shall INCLUDE January 14, 2018; August 13, 2019; January 14, 2020; and April 16, 2020.

19.     The term "KEY CHECKOUT DATES" shall mean the dates on which ANY Plaintiff actually or allegedly purchased tickets using DEFENDANT'S services. The term shall INCLUDE January 14, 2018; February 24, 2018; February 27, 2018; April 2, 2018; May 2, 2018; August 24, 2018; October 30, 2018, October 31, 2018; February 26, 2019; June 29, 2019; August 13, 2019; October 25, 2019; December 19, 2019; January 14, 2020; and February 11, 2020.

## **INSTRUCTIONS**

The following instructions shall apply to each of the Interrogatories herein:

1.     In answering the following Interrogatories, furnish ALL available information, INCLUDING information in the possession, custody, or control of ANY of YOUR attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and PERSONS under YOUR control, who have the best knowledge, not merely information known to YOU based on YOUR own personal knowledge. If YOU cannot fully respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of EACH Interrogatory that cannot be responded to fully and completely.  In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Interrogatory cannot be answered fully and completely; and state what knowledge, information or belief YOU have concerning the unanswered portion of ANY such Interrogatory.

2.     If YOU are producing DOCUMENTS in connection with these Interrogatories, electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

3.     If YOU are producing DOCUMENTS in connection with these Interrogatories, the selection of DOCUMENTS from the files and other sources and the numbering of such DOCUMENTS shall be performed in such a manner as to ensure that the source of EACH DOCUMENT may be determined, if necessary.

4.     If YOU are producing DOCUMENTS in connection with these Interrogatories, file folders with tabs or labels or directories of files IDENTIFYING DOCUMENTS must be produced intact with such DOCUMENTS.

5.     If YOU are producing DOCUMENTS in connection with these Interrogatories, DOCUMENTS attached to EACH other shall not be separated. ALL DOCUMENTS that respond, in whole or in part, to ANY portion of ANY request shall be produced in their entirety, INCLUDING ALL attachments and enclosures.

6.     If YOU claim that any information or document requested is privileged or otherwise not discoverable, please provide all information falling within the scope of the Interrogatory which is not privileged, and also provide the following:

   a.     the basis on which the privilege is claimed;

   b.     the subject matter of the information or document (without revealing the content as to which the privilege is claimed);

   c.     the name and position of each person communicating the information, receiving such communication, or intended to receive such communication;

   d.     the date of the information or document;

   e.     a description of any accompanying material transmitted with or attached to such information or document;

   f.     the particular interrogatory to which such information or document is responsive;

   g.     whether any business or non-legal matter is contained or discussed in such information or document; and

1          h.      if privilege is asserted regarding a document, the number of

2              pages in such document.

3      7.    If YOUR response to a particular Interrogatory is a statement that YOU lack the

4  ability to comply with that Interrogatory, YOU must specify whether the inability to comply is

5  because the particular item or category of information never existed, has been destroyed, has

6  been lost, misplaced, or stolen, or has never been, or is no longer, in YOUR possession,

7  custody, or control, in which case the name and address of ANY person or entity known or

8  believed by YOU to have possession, custody, or control of that information or category of

9  information must be identified.

# INTERROGATORIES

1.     IDENTIFY EACH IP Address used by EACH Plaintiff (a) while signing up for Eventbrite on the KEY SIGNUP DATES; and (b) while purchasing tickets using Eventbrite on the KEY CHECKOUT DATES.

2.     For EACH IP Address identified in response to Interrogatory No. 1, SET FORTH a list of ALL requests made from that IP Address to ANY Eventbrite URL or endpoint on the KEY SIGNUP DATES and KEY CHECKOUT DATES. A complete response must INCLUDE the requestor's IP Address, the URL requested, the date and time of the request, the files (INCLUDING THE KEY SIGNUP SOFTWARE FILES and KEY CHECKOUT SOFTWARE FILES) that Eventbrite sent in response to the request, the HTTP status code(s) returned, and the number of bytes returned for each file.

3.     SET FORTH a list of ALL HTTP requests made by RAINFOREST to ANY Eventbrite URL or endpoint on December 11, 2019 and January 8, 2020. A complete response must INCLUDE the requestor's IP Address, the URL requested, the type of HTTP request, the date and time of the request, the names of the files (INCLUDING the KEY SIGNUP SOFTWARE FILES and KEY CHECKOUT SOFTWARE FILES) that Eventbrite sent in response to the request, the HTTP status code(s) returned, and the number of bytes returned for each file.

DATED: December ____, 2020          **GUTRIDE SAFIER LLP**

*/s/Marie A. McCrary*

Marie A. McCrary, Esq.
Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

Attorneys for Plaintiffs

# EXHIBIT D



**Tekesha Geel <tekesha@gutridesafier.com>**

## [Eventbrite] Snow/Eventbrite
1 message

**Doug Tilley** <DTilley@singercashman.com>                                   Mon, Apr 12, 2021 at 6:42 PM
To: Todd Kennedy <todd@gutridesafier.com>, "Marie A. McCrary" <marie@gutridesafier.com>, eventbrite <eventbrite@gutridesafier.com>
Cc: Adam Cashman <ACashman@singercashman.com>

Hi Todd and Marie, we hope you and your team all are well,

We write to provide an update regarding Eventbrite's collection of the code files we've discussed previously. While we are making progress, it is proving more difficult than expected to forensically extract the specific source code files from Eventbrite's repository. We hope to have the collection completed and files produced to you by April 23, but at this point we are unsure exactly when we'll complete the process. If we need to adjust the dates from the prior stipulation based on the timing of this production, we will of course work with you to do so. In the meantime, we are working this forward and intend to complete production as quickly as possible. Thank you for your understanding.

Best,

Doug



**Doug Tilley**

**\*Please note our new address\***

505 Montgomery Street, Suite 1100

San Francisco, California 94111

(415) 500-6080 (main/fax)

(628) 400-3961 (direct)

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

--
You received this message because you are subscribed to the Google Groups "eventbrite" group.
To unsubscribe from this group and stop receiving emails from it, send an email to eventbrite+unsubscribe@gutridesafier.com.
To view this discussion on the web visit https://groups.google.com/a/gutridesafier.com/d/msgid/eventbrite/MW4PR17MB4825FAC78E927DEE93242
27EAF709%40MW4PR17MB4825.namprd17.prod.outlook.com.

# EXHIBIT E



**Tekesha Geel <tekesha@gutridesafier.com>**

---

## Fwd: [Eventbrite] RE: Eventbrite - scheduling
1 message

---

**Seth Safier** <seth@gutridesafier.com>                                                    Wed, Jun 30, 2021 at 11:25 PM
To: Tekesha Geel <tekesha@gutridesafier.com>


Begin forwarded message:


**From:** Doug Tilley <DTilley@singercashman.com>
**Date:** March 14, 2021 at 3:11:31 PM PDT
**To:** Todd Kennedy <todd@gutridesafier.com>
**Cc:** Adam Cashman <ACashman@singercashman.com>, "Marie A. McCrary" <marie@gutridesafier.com>, eventbrite
<eventbrite@gutridesafier.com>
**Subject: [Eventbrite] RE: Eventbrite - scheduling**


Thanks Todd.  I came away from our call with a slightly different understanding on point (iii), which was that you would caucus with your team and propose a narrowed list of dates.  But I understand and appreciate that you'd like more information before doing so.  I'm hoping to connect with our client early this week to get answers to that question as well as others we'd discussed.


With respect to Marie's Saturday email about a scheduling stipulation, we agree it makes sense to put in place an agreement on all points, including regarding your (Todd's) point (iii) below.  I'm not sure that we'll have all aspects of that ironed out in time to file a complete scheduling stip tomorrow.  We would not under the circumstances argue that Plaintiffs' failure to file an opp to our arbitration motion by tomorrow constitutes a waiver of their right to do so.  But of course, if you all would prefer to have a stip on file just to be safe, we are happy to work with you on that.  I'd suggest a simple one saying that the parties are negotiating a modified schedule relating to Eventbrite's pending motion, have agreed to continue tomorrow's deadline for Plaintiffs to oppose that motion, and will file a further stipulation advising of their agreement as soon as one is in place.  If that's acceptable, could I ask that your team prepare and circulate a draft?  I'm still trying to get my head on straight after my family's move this weekend.


Thanks very much,

Doug


---

**From:** Todd Kennedy <todd@gutridesafier.com>
**Sent:** Sunday, March 14, 2021 5:34 AM
**To:** Doug Tilley <DTilley@singercashman.com>
**Cc:** Adam Cashman <ACashman@singercashman.com>; Marie A. McCrary <marie@gutridesafier.com>; eventbrite
<eventbrite@gutridesafier.com>
**Subject:** Re: Eventbrite - scheduling


Doug,


Following up on our conversation last week, we discussed (i) the kinds of templating files that Eventbrite will produce; (ii) the metadata that Plaintiffs seek; and (iii) the dates for which Eventbrite will produce the templating files.


As for (i), I explained that Plaintiffs expect, at a minimum, the Python (.py) files involved in the Django platform, particularly the ones that map url endpoints to the client-site .html files. I also explained that if there are other platforms or programming languages besides Django/Python, Plaintiffs expect for those to be produced as well.


With regard to (ii), I explained that Plaintiffs seek the same sort of metadata that Eventbrite produced last time, with the addition of correct file creation and modification dates. I also stated that, to the extent Eventbrite pulls documents from different points in time in Github, we would expect that each group of files be produced separately or otherwise segregated.

As for (iii), I stated that, despite the Court's order stating that Eventbrite must produce the templating files for all the dates at issue, Plaintiffs are happy to work with Eventbrite to limit the dates. However, in order for us to do that, we would need Eventbrite to tell us what dates of templating files it has in its repository. Once we have that information, we can make a determination about how to best ease Eventbrite's burden.

Best regards,

Todd Kennedy
Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 789-6390
www.gutridesafier.com

On Wed, Mar 10, 2021 at 12:13 PM Doug Tilley <DTilley@singercashman.com> wrote:

Hi Todd, I have a call starting shortly that I worry is going to go past 1. Rather than make you wait around for me, could we push our call to 130 or 2? I'm sorry for the last-minute change.

**From:** Doug Tilley
**Sent:** Tuesday, March 9, 2021 12:59 PM
**To:** Todd Kennedy <todd@gutridesafier.com>
**Cc:** Adam Cashman <ACashman@singercashman.com>; Marie A. McCrary <marie@gutridesafier.com>; eventbrite <eventbrite@gutridesafier.com>
**Subject:** RE: Eventbrite - scheduling

Thanks Todd. I'll plan to call you tomorrow at 1.

**From:** Todd Kennedy <todd@gutridesafier.com>
**Sent:** Tuesday, March 9, 2021 12:40 PM
**To:** Doug Tilley <DTilley@singercashman.com>
**Cc:** Adam Cashman <ACashman@singercashman.com>; Marie A. McCrary <marie@gutridesafier.com>; eventbrite <eventbrite@gutridesafier.com>
**Subject:** Re: Eventbrite - scheduling

Doug,

1:00 tomorrow works for me. I'll be at the number below, unless you'd like to circulate a different number.

Thanks,

Todd Kennedy
Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 789-6390
www.gutridesafier.com

On Tue, Mar 9, 2021 at 6:53 AM Doug Tilley <DTilley@singercashman.com> wrote:

Thanks Todd. Can we do 1p on Wednesday?

# EXHIBIT F



**Tekesha Geel <tekesha@gutridesafier.com>**

## [Eventbrite] Snow/Eventbrite and Popoff Depo
1 message

**Doug Tilley** <DTilley@singercashman.com>                                    Tue, May 11, 2021 at 8:58 PM
To: Todd Kennedy <todd@gutridesafier.com>, eventbrite <eventbrite@gutridesafier.com>
Cc: Adam Cashman <ACashman@singercashman.com>

Hi Todd,


In the course of preparing for Thursday's deposition, Eventbrite discovered that a set of responsive files was omitted from the scope of its prior source code collection and production. We are working to have our vendor collect these files and will produce them to you as quickly as possible. We are optimistic that this will be a matter of days and will let you know the anticipated delivery date as soon as we have that information from our vendor. Given that, we assume Plaintiffs would prefer to reschedule Mr. Popoff's deposition until after you've had an opportunity to receive and review the additional materials, in which case we will work with you to set a new mutually acceptable date and modify the briefing schedule accordingly. Please let us know how you'd like to proceed.


Thank you,

Doug




**Doug Tilley**


**\*Please note our new address\***

505 Montgomery Street, Suite 1100

San Francisco, California  94111

(415) 500-6080  (main/fax)

(628) 400-3961  (direct)


The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


--
You received this message because you are subscribed to the Google Groups "eventbrite" group.
To unsubscribe from this group and stop receiving emails from it, send an email to eventbrite+unsubscribe@gutridesafier.com.
To view this discussion on the web visit https://groups.google.com/a/gutridesafier.com/d/msgid/eventbrite/MW4PR17MB4825444C2B8AE951D91CF
BD0AF529%40MW4PR17MB4825.namprd17.prod.outlook.com.