# EXHIBIT C

# Doug Tilley

| | |
|---|---|
| **From:** | Doug Tilley |
| **Sent:** | Tuesday, February 9, 2021 1:04 PM |
| **To:** | Todd Kennedy |
| **Cc:** | Adam Cashman; Marie A. McCrary; Tekesha Geel; Seth Safier; eventbrite |
| **Subject:** | RE: Snow v. Eventbrite: document production and interrogatory responses |

I do understand the conclusion you have been repeating, that there has been no judicial admission. What is the legal or factual basis for that position, given that (a) your clients alleged without qualification that the TOS governs the purchases at issue, and (b) the TOS contains an arbitration provision? Please just answer that one question, which we have asked multiple times without a response.

**From:** Todd Kennedy <todd@gutridesafier.com>
**Sent:** Tuesday, February 9, 2021 12:52 PM
**To:** Doug Tilley <DTilley@singercashman.com>
**Cc:** Adam Cashman <ACashman@singercashman.com>; Marie A. McCrary <marie@gutridesafier.com>; Tekesha Geel <tekesha@gutridesafier.com>; Seth Safier <seth@gutridesafier.com>; eventbrite <eventbrite@gutridesafier.com>
**Subject:** Re: Snow v. Eventbrite: document production and interrogatory responses

Doug,

I can see why Eventbrite wouldn't want to take this issue to the Court, but until we have your agreement to produce the discovery we believe we're entitled to, we're at an impasse. I've already explained to you that there was no judicial admission that resolves the arbitration issues before the Court. And, I've explained to you why we need the documents.

We're filing the motion to compel this week. I hope that Eventbrite can at least agree to stipulate to extend the deposition date, but if I don't hear back from you before we file our motion to compel, we'll have to file an opposed motion for extension.

Best regards,

Todd Kennedy
Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 789-6390
www.gutridesafier.com

On Tue, Feb 9, 2021 at 11:32 AM Doug Tilley <DTilley@singercashman.com> wrote:

> Thanks Todd. The issue is not that we are at an impasse, but rather that Plaintiffs aren't engaging in the meet and confer process. Plaintiffs still refuse to state any basis on which they can avoid their judicial admissions—an issue they will need to address head-on in any motion they bring, because it relates directly to the Rule 26 relevance and proportionality analyses. I see no reason for Plaintiffs to hide the ball concerning their theory in order to jump to motion practice; the meet and confer requirement is designed to prevent exactly that. We remain willing to consider whatever bases your clients will share, and reserve all rights to seek fees and other appropriate relief should they disregard their meet and confer obligations.

**From:** Todd Kennedy <todd@gutridesafier.com>
**Sent:** Tuesday, February 9, 2021 10:33 AM
**To:** Doug Tilley <DTilley@singercashman.com>
**Cc:** Adam Cashman <ACashman@singercashman.com>; Marie A. McCrary <marie@gutridesafier.com>; Tekesha Geel <tekesha@gutridesafier.com>; Seth Safier <seth@gutridesafier.com>; eventbrite <eventbrite@gutridesafier.com>
**Subject:** Re: Snow v. Eventbrite: document production and interrogatory responses

Doug,

Thanks for your email. It seems that we've reached an impasse, but I appreciate your attempts to work through the issues with me.

Would you please let me know if Eventbrite will stipulate to an extension of time to take the deposition, pending a ruling on our forthcoming motion to compel? Please let me know today. We intend to file the motion this week.

Best regards,

Todd Kennedy
Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 789-6390
www.gutridesafier.com

On Tue, Feb 9, 2021 at 9:55 AM Doug Tilley <DTilley@singercashman.com> wrote:

Hi Todd,

To correct the record, we discussed several reasons—in addition to Plaintiffs' judicial admission that they are bound by Eventbrite's TOS—why Plaintiffs are not entitled to further discovery at this time. These included that they've already received responses and productions in response to two sets of arbitration-related interrogatories and discovery requests; as you acknowledged, Eventbrite has already provided thousands (or, to borrow your term, "tons") of .css, .js, .html, and templating files in response to Plaintiffs' second arbitration RFPs; neither those RFPs nor the parties' December 7 agreement specifically called for Django files; and even if Plaintiffs had access to literally all of

Eventbrite's code and files, they still would be unable to reliably recreate the relevant checkout flows as they existed on the dates your clients placed the orders in issue here. None of that has been disputed by Plaintiffs.

Your email asserts that Plaintiffs made no judicial admission that they are bound by the TOS. This is simply incorrect. As we have pointed out several times—in Eventbrite's Nov. 9, 2020 Answer, the parties' Nov. 10 Case Management Statement, Eventbrite's Nov. 16 motion to compel, and in multiple communications with yourself and Marie—Plaintiffs alleged that "[a] contract was formed between Plaintiffs and Class members on the one hand and Defendant on the other with respect to purchases made on Defendant's website. The contract that governs the transactions at issue in this case includes the Terms of Service Agreement [] that w[as] on Defendant's website and operative as of the date of Plaintiffs and the Class Members' purchases." Compl., ¶¶ 53-54; *see also* Answer, ¶¶ 53-54 ("Eventbrite admits that Plaintiffs agreed to Eventbrite's Terms of Service when they placed the orders alleged in their Complaint, [] that the TOS is a valid and binding contract[, and] that Eventbrite's 'Terms of Service Agreement' 'governs the transactions at issue in this case[.]'"). There is no basis for Plaintiffs to assert that this unambiguous assertion—voluntarily offered as a necessary component of their very first cause of action—means anything other than that they are bound by the TOS and its provisions.

We've asked many times over several months why this is not dispositive of Eventbrite's pending motion, including yesterday. You said you didn't know, that your team was "looking into it as a matter of law," and that you would promptly advise when your team had a position to assert. Your message below contains no legal authority or even legal principles, however, notwithstanding that your team has had three months to research this issue since we first raised it. That confirms for me that your team's efforts revealed no support for Plaintiffs' position. That Eventbrite's motion chose as a secondary matter to also submit evidence and make additional arguments does not change the fact or consequence of Plaintiffs' admission, or render relevant and proportional the additional discovery they seek. If Plaintiffs are able to articulate some valid legal basis on which they might be relieved from or able to avoid their own allegations, please advise immediately.

Next, I have confirmed with Eventbrite engineering personnel that Django files are not involved in powering the TOS disclosures and other relevant portions of the checkout flows at issue here—you have already received the templating and other files that are. Rather, Django files are directed to other functions, such as validating passwords and processing payment information. This is another reason that the additional discovery Plaintiffs seek is simply beside the point here.

Concerning your request for creation and modification date metadata associated with the files we produced, I explained in writing and again yesterday—and I expect Mr. Popoff will confirm at deposition—that the files Eventbrite produced came from the Company's Github repo and represents the code that was in effect for the relevant checkout flows on the dates of your clients' at-issue purchases. Even without Plaintiffs' binding judicial admission making all of this a moot point, whether any of those files were created or modified the day before those orders, a month before, or a year before is irrelevant to what Plaintiffs saw in placing those orders. The burdens of performing a second collection using a forensic vendor to capture certain metadata you now seek relating to documents that have already been produced to you are, by definition, disproportional to the needs of the case. Your sole response on this point was that you are not required to take my or even Mr. Popoff's word for it. That may be true, but without any evidence to contradict or even cast doubt upon sworn statements and the other record evidence already produced, we cannot agree that there is any legitimate need under Rule 26 for still further discovery. With respect, counsel's

refusal to accept facts supported by evidence (and their client's own allegations) does not provide any valid basis on which to demand disproportionate discovery.

Eventbrite has gone to great lengths to indulge Plaintiffs' discovery whims. The Company has responded to dozens of written requests, produced thousands upon thousands of files and other documents, and agreed to make Mr. Popoff available for a deposition. We have done so not because Plaintiffs are entitled to such discovery—they are not and never were—but rather because we wished to avoid unnecessary disputes and the attendant drain on scarce judicial resources. Plaintiffs have, however, gone back to the well one too many times, without adducing any valid legal basis for their expanding demands. We remain willing to consider with an open mind Plaintiffs' requests for further discovery, if they are able to meaningfully explain the grounds on which they believe they may avoid their admission and respond to the other points above. Please advise.

Thank you,

Doug

**From:** Todd Kennedy <todd@gutridesafier.com>
**Sent:** Monday, February 8, 2021 5:28 PM
**To:** Doug Tilley <DTilley@singercashman.com>
**Cc:** Adam Cashman <ACashman@singercashman.com>; Marie A. McCrary <marie@gutridesafier.com>; Seth Safier <seth@gutridesafier.com>; Tekesha Geel <tekesha@gutridesafier.com>; eventbrite <eventbrite@gutridesafier.com>
**Subject:** Re: Snow v. Eventbrite: document production and interrogatory responses

Doug,

I enjoyed speaking with you today. I understood from our conversation that Eventbrite is currently unwilling to provide further discovery -- including the Python templating files and the requested metadata regarding the creation and modification dates of the files Eventbrite produced -- because, in Eventbrite's view, Plaintiffs judicially admitted that they agreed to arbitration.

In fact, however, Plaintiffs have never made a "judicial admission" that they agreed to a terms of service with an arbitration clause. If it were that simple, Eventbrite wouldn't have needed to rely on the Popoff Declaration; it could have instead just moved to compel arbitration based on the purported admission. Instead, Eventbrite relies on the Popoff declaration to show what Plaintiffs purportedly saw on the Eventbrite service. For that reason, we are entitled to reasonable discovery regarding the facts set forth in that declaration.

As I explained today, it is our position that the discovery we seek is relevant, and that the scope is reasonable.

Please let us know by close of business tomorrow whether Eventbrite is willing to provide the Python files and the metadata showing the creation and modification dates of the files it produced. As discussed, Plaintiffs are currently not seeking the IP address logs because Defendant has represented that the logs do not exist or are inaccessible without an enormous undertaking. We reserve our right to seek those logs if different information comes to light.

If Eventbrite is unwilling to provide the information sought, please let me know if Eventbrite would be willing to stipulate to an extension of time to complete the Popoff deposition, pending resolution of Plaintiff's motion to compel. If, on the other hand, Eventbrite is willing to produce the requested documents, please let me know your thoughts about whether you think that can be done in time to maintain the currently scheduled deposition date.

Best regards,

Todd Kennedy
Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 789-6390
www.gutridesafier.com

On Fri, Feb 5, 2021 at 12:10 PM Todd Kennedy <todd@gutridesafier.com> wrote:

Sure, that works for me.

Todd Kennedy
Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 789-6390
www.gutridesafier.com

On Fri, Feb 5, 2021 at 12:02 PM Doug Tilley <DTilley@singercashman.com> wrote:

Thanks Todd. 1p works for me, though I can't speak for Adam (he's out of pocket for much of today). Would you mind sending a placeholder invite for 1p and, if we need to adjust to later in the day to include Adam, we can?

**From:** Todd Kennedy <todd@gutridesafier.com>
**Sent:** Friday, February 5, 2021 12:01 PM
**To:** Doug Tilley <DTilley@singercashman.com>
**Cc:** Adam Cashman <ACashman@singercashman.com>; Marie A. McCrary <marie@gutridesafier.com>; Seth Safier <seth@gutridesafier.com>; Tekesha Geel <tekesha@gutridesafier.com>; eventbrite <eventbrite@gutridesafier.com>
**Subject:** Re: Snow v. Eventbrite: document production and interrogatory responses

Doug,

How about 1:00 Monday? I could also speak later on Monday if better for you.

Thanks,

Todd Kennedy
Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 789-6390
www.gutridesafier.com

On Thu, Feb 4, 2021 at 5:00 PM Doug Tilley <DTilley@singercashman.com> wrote:

> I'm afraid I'm tied up tomorrow but Monday at or after noon works for me. Please shoot me an invite for whenever's convenient for you.
>
> **From:** Todd Kennedy <todd@gutridesafier.com>
> **Sent:** Thursday, February 4, 2021 11:17 AM
> **To:** Doug Tilley <DTilley@singercashman.com>
> **Cc:** Adam Cashman <ACashman@singercashman.com>; Marie A. McCrary <marie@gutridesafier.com>; Seth Safier <seth@gutridesafier.com>; Tekesha Geel <tekesha@gutridesafier.com>; eventbrite <eventbrite@gutridesafier.com>
> **Subject:** Re: Snow v. Eventbrite: document production and interrogatory responses

Doug,

Would you please let me know your availability tomorrow or Monday to discuss this? We would prefer to not have to bother the Court with these issues, but it seems that the parties have some important disagreements. Because of the timing, we do need to discuss by close of business Monday.

Best regards,

Todd Kennedy
Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 789-6390
www.gutridesafier.com

On Mon, Feb 1, 2021 at 12:43 PM Doug Tilley <DTilley@singercashman.com> wrote:

Thanks for your email, Todd. I've addressed your points in turn below. If you still believe it is necessary to discuss further, I can be available tomorrow afternoon. Please let me know how you'd like to proceed.

Thanks again,

Doug

1. The parties negotiated the scope of Plaintiffs' second set of arbitration document requests and agreed on December 7 that Eventbrite would produce ".css files, .html files, javascript files, and templating files involved in (a) the Desktop Web checkout Ms. Snow completed on February 11, 2020, and (b) the Mobile Web checkout Ms. Conner completed on December 19, 2019[.]" Eventbrite complied with that obligation, and your email doesn't contend otherwise. Instead, it asserts that Eventbrite was *also* obliged to provide a separate category of Django python files that Plaintiffs never before asked about, and that would be unnecessarily and disproportionately burdensome for Eventbrite to provide in response to this new informal discovery request.

   Setting aside that Plaintiffs failed to even mention Django python files in either their RFPs or the parties' December 7 agreement (and thus cannot complain of Eventbrite's declination to gratuitously provide them), the materials your email seeks could not inform the sole issue before the Court: the appearance of the TOS disclosures displayed to Ms. Snow and Ms. Conner when they placed their orders on the dates and via the

channels set forth above. We understand from Eventbrite engineering personnel that Django code is not involved in displaying the TOS disclosures and, as Mr. Popoff detailed in his declaration, even if Plaintiffs had access to the whole of Eventbrite's web code repository, they still could not reliably recreate the appearance and operation of the checkout flows and TOS disclosures on the dates in issue. Finally, please recall that Plaintiffs have already judicially admitted they agreed to Eventbrite's TOS. Given these facts, there is simply no basis for Plaintiffs to effectively propound a third set of arbitration RFPs.

2. The .css, .html, javascript, and templating files Eventbrite provided came from the company's github repository. They are the historical versions as they existed and were served to Plaintiffs on the dates specified in the parties' agreement. They were not generated after-the-fact for purposes of this production.

3. Concerning Eventbrite's interrogatory responses, Eventbrite undertook a reasonable and diligent search to identify Plaintiffs' IP addresses, notwithstanding that Plaintiffs are much better equipped to provide that information yet haven't. While Eventbrite is in limited circumstances able to associate IP addresses with specific user accounts, the company did not locate any information concerning the IP addresses Plaintiffs used on the dates specified in the parties' agreement. Concerning Plaintiffs' requests for HTTP requests associated with those and other IP addresses, Eventbrite's responses to those requests, and other information dating back more than a year, Eventbrite simply does not maintain in a reasonably usable format logs older than 60-90 days. While it might theoretically be possible to re-engineer logs from raw data maintained by the company (which tracks literally every interaction with the site, including irrelevant actions like updating passwords and changing the background color on an event page), we understand from Engineering personnel that it would require Eventbrite to design and build a special system to ingest that massive amount of data and present it in a way that it could be searched. Even if Eventbrite knew the IP addresses in issue, this effort would consume days' worth, if not weeks' worth, of Engineering resources, without any corresponding benefit—or, indeed, any benefit at all—to the discrete issue before the Court. That issue, again, has been conclusively established through Plaintiffs' admission and the other evidence before Judge Orrick.

**From:** Todd Kennedy <todd@gutridesafier.com>
**Sent:** Saturday, January 30, 2021 11:43 AM
**To:** Doug Tilley <DTilley@singercashman.com>; Adam Cashman <ACashman@singercashman.com>
**Cc:** Marie A. McCrary <marie@gutridesafier.com>; Seth Safier <seth@gutridesafier.com>; Tekesha Geel <tekesha@gutridesafier.com>; eventbrite <eventbrite@gutridesafier.com>
**Subject:** Re: Snow v. Eventbrite: document production and interrogatory responses

Counsel,

I'm writing to follow up on the email I sent you five days ago. Please let me know your availability to meet and confer Monday or Tuesday afternoon.

Best regards,

Todd Kennedy
Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 789-6390
www.gutridesafier.com

On Tue, Jan 26, 2021 at 1:25 AM Todd Kennedy <todd@gutridesafier.com> wrote:

Counsel,

We've reviewed Eventbrite's document production and interrogatory responses, and have identified a few issues that we'd like to discuss with you.

First, the production does not contain the Django python files that are responsible for loading the .html, .css, and .js files, and for mapping those files to their endpoints. Without these files, there is no way for us to know what files might have been loaded when a visitor browsed to any particular eventbrite url, such as the terms of use and checkout urls.

Second, the production does not appear to have the correct file creation and modification dates. The only date in the metadata is 12/21/20, which I assume is when the files were collected for production. I looked at the natives themselves, and they were also of no use; they have creation and modification dates of January 13, 2021. This is a big problem because the underlying issue is what the plaintiffs saw on the dates they visited the Eventbrite service.

Third, on a related point, we would like to know whether Eventbrite produced only files as they currently exist, or whether Eventbrite produced historic files that would have been seen by plaintiffs when they visited the service.

Finally, we were surprised to see Eventbrite's responses to the Interrogatories. It seems unlikely that Eventbrite would be unable to obtain the information sought. We would like to meet and confer with you about what steps Eventbrite took to obtain the information, and why it was unable to provide responses.

Please let me know when you are available to meet and confer this week regarding these issues. I'm generally available in the afternoons this week.

Best regards,

Todd Kennedy
Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 789-6390
www.gutridesafier.com

On Fri, Jan 15, 2021 at 5:29 PM Doug Tilley <DTilley@singercashman.com> wrote:

> Good evening, all,
>
> Attached please find Eventbrite's objections and responses to Plaintiffs' second arbitration-related RFPs and interrogatories.
>
> Eventbrite's production in response to these requests is available via the FTP below. Please note that this production contains materials designated Confidential and Highly Confidential—Attorneys' Eyes Only under the Stipulated Protective Order entered by the Court. All native versions are subject to the designations appearing on the corresponding images.
>
> Link: https://singercashman.egnyte.com/fl/vGgJoWORzk
>
> Password: Nzs3t6Xm
>
> Concerning Plaintiffs' request for v7.0.1 of Eventbrite's native iOS app, that application is available at https://install.appcenter.ms/orgs/eventbrite/apps/attendee-beta/distribution_groups/external.
>
> Please let me know if you have any issues accessing the production.

Thank you very much and we hope you, your team, and your families have a safe and happy weekend,

Doug



**Doug Tilley**

***Please note our new address***

505 Montgomery Street, Suite 1100

San Francisco, California  94111

(415) 500-6080  (main/fax)

(628) 400-3961  (direct)

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

--
You received this message because you are subscribed to the Google Groups "eventbrite" group.
To unsubscribe from this group and stop receiving emails from it, send an email to eventbrite+unsubscribe@gutridesafier.com.
To view this discussion on the web visit https://groups.google.com/a/gutridesafier.com/d/msgid/eventbrite/BY5PR17MB3352CA4001A5B81FA90920B7AFA60%40BY5PR17MB3352.namprd17.prod.outlook.com.