SINGER CASHMAN LLP
　Adam S. Cashman (Bar No. 255063)
　acashman@singercashman.com
　Doug Tilley (Bar No. 265997)
　dtilley@singercashman.com
601 Montgomery Street, Suite 1950
San Francisco, California 94111
Telephone:　(415) 500-6080
Facsimile:　(415) 500-6080

*Attorneys for Eventbrite, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHERRI SNOW, ANTHONY PICENO and LINDA CONNER, as individuals, on behalf of themselves, the general public and those similarly situated,<br><br>　Plaintiffs,<br><br>　v.<br><br>EVENTBRITE, INC.,<br><br>　Defendant. | CASE NO. 3:20-CV-03698-WHO<br><br>**DECLARATION OF ANTWONNE DACUS IN FURTHER SUPPORT OF EVENTBRITE, INC.'S SECOND MOTION TO COMPEL ARBITRATION** |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

I, Antwonne Dacus, declare as follows:

1. I am employed by Defendant Eventbrite, Inc. ("Eventbrite" or the "Company") as its Content Operations Manager. I have been employed by Eventbrite since approximately June 2011. I submit this Declaration in further support of Eventbrite's Motion to Compel Arbitration (Eventbrite's "Motion"). I incorporate by reference all statements in my prior Declaration, dated August 31, 2020. The statements in this Declaration are based on my personal knowledge, and/or a reasonable and diligent investigation of pertinent Eventbrite records and information. If called upon to do so, I could and would testify competently to the matters set forth below.

2. During my tenure with the Company, I (personally and/or through my direct reports) have been responsible for inputting, publishing, and maintaining the content of Eventbrite's Terms of Service ("TOS"), among other duties.

3. Eventbrite's TOS governs all consumer transactions placed via Eventbrite's website, such as the purchase of credentials to third-party events. There is only one version of the TOS in effect at any given time, and it applies to all consumer transactions irrespective of the channel (desktop web, mobile web, or smartphone app) through which a user completes his or her transaction. There is not one version of the TOS for transactions placed via desktop web, another transactions via for mobile web, and a third for transactions via smartphone app.

4. The content and substantive formatting (e.g., font, colors, and capitalization) of the TOS are identical for all users regardless of the device on which they access or review the TOS. For example, the TOS is substantively identical when displayed via a browser on a desktop computer or a mobile device, scaled to the size, resolution, orientation, and other user settings of the screen on which the TOS is displayed.

5. Eventbrite's TOS is part of the "Help Center" component of the Company's website.

- 1 -

DECLARATION OF ANTWONNE DACUS IN FURTHER SUPPORT OF EVENTBRITE, INC.'S SECOND MOTION TO COMPEL ARBITRATION
CASE NO. 3:20-CV-03698-WHO

1 ██████████████████████████
2 ██████████████████████████
3 ██████████████████████████
4 ██████████████

6. Eventbrite's Help Center does not operate in the same way, and is not stored or hosted in the same way, as Eventbrite's sign-up or check-out flows.

7. Eventbrite's TOS article is, in effect, a series of blank fields in which the text may be modified.

8. During my time with the Company, Eventbrite's process for populating those fields and making changes to the TOS has been as follows: (1) Eventbrite Legal makes edits to the TOS, via track changes in a Google doc or similar word processing file; (2) Legal creates a "ticket" to request that such changes be published to Eventbrite's Help Center; (3) that ticket is assigned to my team for implementation; and (4) a member of my team—typically me—logs into ██████████████ manually inputs Legal's changes into the various fields in the article template, and publishes the revised document, at which time the prior version is automatically archived ██████████.

9. I personally input and published the content of Version 16 of Eventbrite's TOS, following the process set forth above. I published Version 16 of the TOS to the "Help Center" portion of Eventbrite's website, available at www.eventbrite.com/support, on March 11, 2019. Version 16 remained in effect, and publicly accessible via Eventbrite's Help Center, from that date until September 28, 2020, including on December 19, 2019 and February 11, 2020, which I understand are the dates of the consumer transactions relevant to this case.

---

[1] When a user navigates to an article within Eventbrite's Help Center (available at www.eventbrite.com/support), including Eventbrite's TOS, the user sees ████████████ ██████████████████████████

10.     As I stated previously, Exhibit I to my prior Declaration is a true and correct copy of Version 16 of the TOS as it was displayed to consumers via Eventbrite's Help Center from March 11, 2019 to September 28, 2020.

11.     I was asked by Eventbrite's legal counsel to identify and make available any internal file(s) that dictate the content of Version 16 of the TOS.  No such file exists within Eventbrite's system, other than the marked-up document provided to my team by Eventbrite Legal as part of the process described above.  Rather, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Version 16 of Eventbrite's TOS—including the fields into which I manually entered the new content provided to me by Legal—▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

12.     Because I could not provide that file to Eventbrite's outside litigation counsel, I delivered screenshots ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ depicting (a) all fields and content within the Version 16 article, *i.e.*, the text that is displayed to a user when they visit Eventbrite's Help Center as well as certain internal, non-public-facing notes, and (b) the "Version History" for Version 16 confirming that that article was first published by me on March 11, 2019; was revised by me and republished by me on May 10, 2019;[2] and remained as the operative version of Eventbrite's TOS until it was archived on September 28, 2020, when another member of my team published Version 17 of the TOS.

//
//
//
//

---

[2]     It is not uncommon in my experience that a Help Center article needs to be revised after it is published, *e.g.*, to fix a typo or correct a broken link.  In such a case, the article is republished as the same version.  Whenever substantive changes are made, however, the article is published as a new version and the prior version is archived.  Here, my May 10, 2019 edits to Version 16 were non-substantive corrections to links in an internal, non-public-facing portion of the article.  They did not affect how the TOS was displayed to any person outside the Company.

DECLARATION OF ANTWONNE DACUS IN FURTHER SUPPORT OF EVENTBRITE, INC.'S SECOND MOTION TO COMPEL
ARBITRATION
CASE NO. 3:20-CV-03698-WHO

13. True and correct copies of the screenshots I provided to counsel, which also depict the URLs from which each screenshot was taken, are attached hereto as **Exhibits K** and **L**, respectively.[3]

I declare under penalty of perjury that the foregoing is true and correct. Executed at Seattle, Washington.

Dated: 2021-07-29



Antwonne Dacus

---

[3] The "Article Properties" sidebar in Exhibit K contains text reading "Last Modified By Chase Hamby, 4/19/2021 10:40 AM[.]" To avoid any confusion, this refers to the time and date of the most recent edit to the most recent version of the TOS (Version 20). It does not refer to any edit to Version 16 of the TOS. As set forth above, there have been no edits to any public-facing portion of Version 16 since I published that article to Eventbrite's Help Center on March 11, 2019.